United States District Court
for the
Eastern District of New York

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT<br><br>  Plaintiff<br><br>  v.<br><br>JAGERNAUTH S. M. HARILAL, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY HOUSING DEVELOPMENT CORPORATION, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD<br><br>  Defendant(s) | Civil Action No. 19-cv-7034<br><br>**COMPLAINT** |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 1097 GLENMORE AVENUE, BROOKLYN, NY 11208, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule B.

## PARTIES

2. U.S. Bank, National Association not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT is a citizen of Ohio because U.S. Bank National Association is a national banking association with its main office as set forth in its Articles of Association located at 425 Walnut Street, Cincinnati, OH 45202.

3. U.S. Bank, National Association not in its individual capacity but solely as Trustee is empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-

CTT and prosecute legal actions on behalf of the RMAC Trust, Series 2016-CTT, including this residential mortgage foreclosure action. U.S. Bank National Association, not in its individual capacity but solely as Trustee has legal title to and manages the assets of the RMAC Trust, Series 2016-CTT and controls the litigation on behalf of the RMAC Trust, Series 2016-CTT.

4. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule A is a copy of the original note.

5. Defendant Jagernauth S. M. Harilal is a citizen of New York because he is domiciled in New York. Jagernauth S. M. Harilal is the owner of the Property. See Schedule C.

6. Defendant New York City Department of Housing Preservation and Development is a city department existing under the laws of New York with its principal place of business at 100 Gold St Ste 3, New York, NY 10038. New York City Department of Housing Preservation and Development is the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage. See Schedule D.

7. Defendant New York City Housing Development Corporation is a city agency existing under the laws of New York with its principal place of business at 110 William St, New York, NY 10038. New York City Housing Development Corporation is the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage. See Schedule D.

8. Defendant New York City Environmental Control Board is a city agency existing under the laws of New York with its principal place of business at 100 Church Street, New York, NY 10007. New York City Environmental Control Board is the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage. See Schedule D.

## STATEMENT OF JURISDICTION

9. Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendant(s) and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

10. Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

11. On or about December 31, 2002, Jagernauth S. M. Harilal executed and delivered a Note whereby Jagernauth S. M. Harilal promised to pay the sum of $219,000.00 plus interest on the unpaid amount due.

12.     As security for the payment of the Note Jagernauth S. M. Harilal duly executed and delivered a Mortgage, in the amount of $219,000.00 which was recorded as follows:

Recording Date: January 24, 2003
CRFN 2003000004984
City Register of the City of New York, Kings County

13.     The Mortgage was subsequently assigned to HHLD Finance Realty Corp. of NY.

14.     The Mortgage was subsequently assigned to LSF9 Master Participation Trust.

15.     The Mortgage was subsequently assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

16.     Said Mortgage was subsequently modified by a Loan Modification Agreement executed by Jagernauth S. M. Harilal on January 26, 2017 and recorded October 16, 2017 in CRFN 2017000379223 in the City Register of the City of New York, Kings County.

17.     Said Mortgage was subsequently modified by a Loan Modification Agreement executed by Jagernauth S. M. Harilal on January 13, 2017 and recorded July 11, 2018 in CRFN 2018000228134 in the City Register of the City of New York, Kings County.

18.     The Mortgage was subsequently assigned to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT.

19.     Jagernauth S. M. Harilal failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on June 1, 2019 and subsequent payments.

20.     There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $309,183.83
Interest Rate: 4.25%
Date Interest Accrues from: May 1, 2019

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.
 The interest rate stated above may change in accordance with the adjustable rate feature of the Note.

21.     In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges.  Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

22. Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

23. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgment accelerating the maturity of the debt and determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendant(s) and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Jagernauth S. M. Harilal, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;

    j.    That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: November 8, 2019
          Westbury, New York

By:
*/NJB/*
Nicholas J. Bebirian, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 201
Westbury, New York 11590-5114
Tel.: (716)204-1700

## **Schedule A**

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

Champion Mortgage , 2 Gatehall Drive, Parsippany, NJ 07054

| File # | ███████ | Cust # | ███████ |
|---|---|---|---|

## NEW YORK FIXED RATE PAYMENT MORTGAGE NOTE - FIRST LIEN

DECEMBER 31, 2002                                                                              FOREST HILLS, NEW YORK

1097 GLENMORE AVE, BROOKLYN, NEW YORK

1. **BORROWER'S PROMISE TO PAY**

    In return for a loan that I have received, I promise to pay U.S. $219,000.00 (this amount will be called "principal") plus interest to the order of the Lender. The Lender is **CHAMPION MORTGAGE , A DIVISION OF KEY BANK, USA, NATIONAL ASSOCIATION.** I understand that the Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

2. **INTEREST**

    The interest I agree to pay shall be computed at an interest rate of 8.750% per year. Interest will be charged on the unpaid principal until the full amount of the principal has been paid.

3. **PAYMENTS**

    I will pay principal and interest by making payments every month. Each of my monthly payments will be in the amount of $1,722.87.

    I will make my monthly payments on the 1ST day of each month beginning on FEBRUARY 01, 2003. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on JANUARY 01, 2033, I still owe amounts under this Note, I will pay all of those amounts, in full, on that date.

    I will make my monthly payments at **2 GATEHALL DRIVE, PARSIPPANY, NJ 07054** or at a different place if required by the Note Holder.

4. **THIS NOTE SECURED BY A MORTGAGE**

    A Mortgage, dated the date of this Note, protects the Note Holder from possible losses that might result if I do not keep the promises I make in this Note. That Mortgage describes how and under what conditions I may be required to make Immediate Payment in Full of all amounts that I owe under this Note.

5. **BORROWER'S FAILURE TO PAY AS REQUIRED**

    (A)  Late Charge for Overdue Payments

    If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN (15) calendar days after the date is due, I will pay a late charge to the Note Holder. The amount of the late charge will be THE LESSER OF $50.00 OR FIVE percent (5%) of my overdue payment. I will pay this late charge promptly but only once on each late payment.

    (B)  Default

    If I do not pay the full amount of each monthly payment within fifteen (15) days of its due date, or if I fail to keep any of my promises in the Mortgage (as defined in Section 4), I will be in default. If I am in default, the Note Holder may require me to immediately pay the full amount of principal, which has not been paid plus accrued interest.

    (C)  Payment of Note Holder's Costs and Expenses

    In the event of my default, whether or not the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of the reasonable costs and expenses as permitted by law or regulation. Those expenses include, for example, but are not limited to, a reasonable charge for handling a dishonored check, and reasonable attorney fees, which reasonable attorney fees are agreed to be equal to fifteen percent (15%) of the then remaining unpaid balance of principal and accrued interest thereon.

(D) **Dishonored Check Charge**

I will pay a dishonored check charge of $20.00 to the Note Holder for each check or other instrument, or payment order, given in payment under this Note which is returned to the Note Holder unpaid.

6. **BORROWER'S RIGHT TO MAKE PREPAYMENTS**

I have the right to make payments of principal at any time before they are due. Any payment made before it is due is known as a "prepayment". A prepayment of all of the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a partial prepayment, I will not have to pay a prepayment penalty.

(A) **Full Prepayment**

If I make a full prepayment, or if the entire balance of what I owe becomes due for any reason and is paid, no portion of that prepaid finance charge will be refunded.

(B) **Partial Prepayment**

If I make a partial prepayment, there will be no delays in due dates of my monthly payments unless the Note Holder agrees in writing to those delays. The Note Holder will use all of my prepayments to reduce the amount of the principal that I owe under this Note. The amount of my monthly payments will remain the same.

7. **BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else (known as "guarantors, sureties and endorsers"), also waives these rights.

No change or cancellation of this Note shall be effective unless the change or cancellation is in writing and has been signed by the Note Holder and me.

8. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first-class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first-class mail to the Note Holder at the address stated in Section 3 above or at a different address if I am given a notice of that different address.

9. **RESPONSIBILITIES OF PERSONS UNDER THIS NOTE**

If more than one (1) person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations or a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

10. **APPLICATION OF PAYMENTS**

All payments received by the Note Holder shall be applied, first, to payments made by the Note Holder to protect its lien under the Mortgage; second, to pay any interest that has not been paid for any period of time up to the time the Note Holder receives the payment; and third, to reduce the principal amount of the Note.

11. **RIGHT OF CANCELLATION**

"DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT."

12. **NEW YORK STATE LAW**

This Note shall be governed by the laws of the State of New York and any applicable federal law. In the event of a conflict between any provision of this Note and any federal or New York statute, law or regulation in effect as of the date of this Note, the statute, law or regulation shall control to the extent of such conflict and the conflicting provision contained in this Note shall be without effect. All other provisions of this Note will remain fully effective and enforceable.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

*Jagernauth S. M. Harilal*
JAGERNAUTH S.M. HARILAL

Witness: _WITNESS_

Loan No ▮▮▮▮
Name: JAGERNAUTH HARILAL
Loan Amount: 219000
Note Date:    12/31/2002

## Allonge

### Addendum to the Note

Pay to the order of


Without recourse
CHAMPION MORTGAGE, a division of KeyBank, NA as successor by merger to Champion Mortgage, a division of KeyBank USA, NA as successor in interest to Champion Mortgage Co., Inc.


By:  Lisa Moran
Officer, Champion Mortgage, a Division of
KeyBank National Association

## Schedule B – Legal Description

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected,
situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York,
bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Northerly side of Glenmore Avenue with the Easterly side of Autumn Avenue;

RUNNING THENCE Easterly along the Northerly side of Glenmore Avenue, 20 feet;

THENCE Northerly parallel with Autumn Avenue and part of the distance through a party wall, 80 feet;

THENCE Westerly parallel with Glenmore Avenue and part of the distance through a party wall, 20 feet
to the Easterly side of Autumn Avenue;

THENCE Southerly along the Easterly side of Autumn Avenue, 80 feet to the point or place of BEGINNING.

## **Schedule C - Defendants**

Jagernauth S. M. Harilal                     Borrower

## Schedule D – Defendants

| | |
|---|---|
| New York City Department of Housing Preservation and Development | Named herein as a party Defendant for possible interest in the premises being foreclosed herein as named party plaintiff in action filed on September 18, 2018 under Index No:. HP405/18 |
| | Holder of a mortgage recorded in the Kings County Clerk's Office on June 20, 2018 under CRFN: 2018000204390 |
| | Secured party in a UCC Financing Statement filed on June 20, 2018 under CRFN: 201800020439. |
| New York City Housing Development Corporation | Holder of a mortgage recorded in the Kings County Clerk's Office on June 20, 2018 in CRFN: 2018000204392 |
| | Holder of a mortgage recorded in the Kings County Clerk's Office on June 20, 2018 in CRFN: 2018000204393 |
| | Secured party in a UCC Financing Statement filed on 6/13/2018 in CRFN 2018000204395 |
| New York City Environmental Control Board | Holder of a lien against Harilal Jagernauth filed in the City Register of the City of New York, Kings County on October, 2019 in the amount of $300.00, see attached. |

```
Judgment Type: CORRECT VIOLATIONS          Effective Date: 09/18/2018
Court: Civil Court                         Expiration Date: 09/18/2021
                                           Docket Date:09/18/2018
                                           Date Received:09/19/2018

Debtor Info:
HARILAL, JAGERNAUTH


Creditor Info:
DEPT OF HOUSING PRESERVATION & DEVELOPMT
100    GOLD ST    6TH FL
NEW YORK    NY        10038-

Amount: $0.00
-----------------------------------------------------------------
Block: 04201 Lot: 00001                    Control No. 003453399-01
Book Type -- Lis Pendens - Docket No:      Index # 514595/15
Judgment Type: FORECLOSE MORTGAGE          Effective Date: 12/02/2015
Court: Supreme Court                       Expiration Date: 12/02/2018
Disposition: Yes-05/30/2017
                                           Docket Date:12/02/2015
                                           Date Received:06/13/2017
Debtor Info:
HARILAL, JAGERNAUTH S


                                                        SEE HEREIN
Creditor Info:
US BANK TRUST NA


Amount: $0.00
-----------------------------------------------------------------
END RETURNS
*****************************************************************

PVB - (Parking Violations Bureau - Ending Date 10/25/19)

Search Parameters- Last:Harilal      First:Jag

END RETURNS
*****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 09/30/19)

Search Parameters- Last:Harilal      First:Jag

HARILAL JAGERNAUTH
493 AUTUMN AVENUE
BROOKLYN, NY 11208
ECB Violation No.: 42306846R      Date-10/19

Amt: $300.00
-----------------------------------------------------------------
HARILAL JAGERNAUTH
```

77936                                                          18-7405-77936K

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

New York City Housing Development Corporation
110 William Street, 10th Floor
New York, NY 10038

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Harilal | Jagernauth | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1097 Glenmore Avenue | Brooklyn | NY | 11208 | |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | | | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

**3a. ORGANIZATION'S NAME**
New York City Housing Development Corporation

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 110 William Street, 10th Fl. | New York | NY | 10038 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All right, title and interest in and to all fixtures, equipment, machinery and articles of personal property now or hereafter attached to, used in the operation of, or located at the premises described below, together with any and all replacements thereof and additions thereto, and proceeds therefrom:

Address: 1097 Glenmore Avenue
Block: 4201   Lot: 1
County: Kings
City and State of New York

**5. ALTERNATIVE DESIGNATION** (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable)   **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
GHPP / Harilal / Kings County Filing

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**UCC FINANCING STATEMENT ADDENDUM**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**
- 9a. ORGANIZATION'S NAME:
- OR 9b. INDIVIDUAL'S LAST NAME: **Harilal** | FIRST NAME: **Jagernauth** | MIDDLE NAME, SUFFIX:

**10. MISCELLANEOUS:**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names
- 11a. ORGANIZATION'S NAME:
- OR 11b. INDIVIDUAL'S LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX:
- 11c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY:
- 11d. SEE INSTRUCTIONS: Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION: | 11f. JURISDICTION OF ORGANIZATION: | 11g. ORGANIZATIONAL ID #, if any: ☐ NONE

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)
- 12a. ORGANIZATION'S NAME:
- OR 12b. INDIVIDUAL'S LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX:
- 12c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY:

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☑ fixture filing.

**14. Description of real estate:**

Address: 1097 Glenmore Avenue
Block: 4201   Lot: 1
County: Kings
City and State of New York

**16. Additional collateral description:**

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18.** Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☑ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |  |
|---|---|

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|
| **Document ID:** 2018061300103008 | Document Date: 06-13-2018 | Preparation Date: 06-13-2018 |
| **Document Type:** INITIAL UCC1 | | FIXTURE FILING |
| **Document Page Count:** 2 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| FIDELITY NATIONAL TITLE<br>1415 KELLUM PL. STE 202- KM<br>***PICK UP BY SUPERIOR DATA ***TITLE #77936<br>GARDEN CITY, NY 11530<br>516-741-5050<br>KAREN.MATHEWS@FNF.COM | THE CITY OF NEW YORK<br>100 GOLD STREET<br>NEW YORK, NY 10038 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 4201 | 1 | Entire Lot | 1097 GLENMORE AVENUE |

**Property Type:** DWELLING ONLY - 6 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____ Year____ Reel___ Page____ or File Number_____

### PARTIES

| DEBTOR: | SECURED PARTY: |
|---|---|
| JAGERNAUTH HARILAL<br>1097 GLENMORE AVENUE<br>BROOKLYN, NY 11208 | THE CITY OF NEW YORK DEPARTMENT OF HOUSING<br>PRESERVATION AND DEVELOPMENT, 100 GOLD STREET<br>NEW YORK, NY 10038 |

### FEES AND TAXES

| Mortgage: | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 40.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed   06-20-2018 15:03
City Register File No.(CRFN):
2018000204396

*Annette M Hill*

*City Register Official Signature*

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

> The City of New York
> Department of Housing Preservation & Development
> 100 Gold Street, 5-S9
> New York, NY 10038

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Harilal | Jagernauth | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1097 Glenmore Avenue | Brooklyn | NY | 11208 | |
| 1d. SEE INSTRUCTIONS: Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS: Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| The City of New York Department of Housing Preservation and Development | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 100 Gold Street | New York | NY | 10038 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All right, title and interest in and to all fixtures, equipment, machinery and articles of personal property now or hereafter attached to, used in the operation of, or located at the premises described below, together with any and all replacements thereof and additions thereto, and proceeds therefrom:

Address: 1097 Glenmore Avenue
Block: 4201   Lot: 1
County: Kings
City and State of New York

**5. ALTERNATIVE DESIGNATION (if applicable):** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

GHPP / Harilal / Kings County Filing

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX |
|---|---|---|
| Harilal | Jagernauth | |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | | | ☐ NONE |

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☑ fixture filing.

14. Description of real estate:

**Address: 1097 Glenmore Avenue**
**Block: 4201  Lot: 1**
**County: Kings**
**City and State of New York**

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☑ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)