UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, NOT IN   :
ITS INDIVIDUAL CAPACITY BUT SOLELY AS    :
TRUSTEE FOR THE RMAC TRUST, SERIES       :
2016-CTT,                                :
                                         :          REPORT AND
                        Plaintiff,       :          RECOMMENDATION
                                         :
        -against-                        :          No. 19-CV-07034-CBA-JRC
                                         :
JAGERNAUTH S. M. HARILAL, NEW YORK       :
CITY DEPARTMENT OF HOUSING               :
PRESERVATION AND DEVELOPMENT, NEW        :
YORK CITY HOUSING DEVELOPMENT            :
CORPORATION, and NEW YORK CITY           :
ENVIRONMENTAL CONTROL BOARD,             :
                                         :
                        Defendants.      :
---------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

Plaintiff U.S. Bank National Association ("plaintiff") brings this foreclosure action

against Jagernauth S. M. Harilal ("Harilal"), New York City Department of Housing

Preservation and Development ("HPD"), New York City Housing Development Corporation

("HDC"), and New York City Environmental Control Board ("ECB") (collectively,

"defendants"), pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL"),

Article 13.  *See* Compl. ¶ 1.  Plaintiff seeks damages, costs, and a judgment of foreclosure and

sale.  *Id*. at Wherefore Clause; Default Judgment of Foreclosure and Sale (Proposed), Dkt. 26-11;

*see generally* Pl.'s Mem. in Supp. of Mot. for Default J. ("Pl.'s Mem."), Dkt. 25.  Upon

plaintiff's application and in light of defendant Harilal's failure to appear in or otherwise defend

this action, the Clerk of the Court entered Harilal's default on February 25, 2020.[1]  Dkt. 14.

---
[1] The Clerk of the Court also noted the default of ECB.  *See* Dkt. 14.

Plaintiff now moves for default judgment. *See generally* Mot. for Default J., Dkt. 24; Pl.'s Mem., Dkt. 25.

Currently pending before this Court, on a referral from The Honorable Carol Bagley Amon, is plaintiff's motion for default judgment. *See* Order Referring Motion dated October 8, 2021. For the reasons set forth below, this Court respectfully recommends **granting** plaintiff's motion as to Harilal, but **denying** the motion as to the City defendants.

## Relevant Factual and Procedural Background

The following facts are drawn from plaintiff's Complaint, supporting affidavit, and accompanying exhibits, and are accepted as true for purposes of this motion. *See* Dkts. 24-26.

Plaintiff brought this diversity action to foreclose on a mortgage encumbering 1097 Glenmore Avenue, Brooklyn, New York 11208 in Kings County (the "Property"). *See* Compl. ¶ 1. Plaintiff, a national banking association with its principal office, as set forth in its Articles of Association, located in Cincinnati, Ohio, is a trustee empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT, and has the authority to prosecute legal actions on its behalf.[2] *Id*. ¶¶ 2-3. Defendant Harilal is a citizen of New York. Defendants HPD, HDC, and ECB (collectively, the "City defendants") exist under the laws of New York and their principal place of business is located in New York. *Id*. ¶¶ 5-8.

On December 31, 2002, Harilal executed and delivered a Note for $219,000 plus interest secured by a mortgage on the Property (the "Mortgage") to Champion Mortgage, a division of

---

[2] The trust for which U.S. Bank serves as trustee is an express New York common law trust, and "under New York law, a trust cannot sue or be sued, and suits must be brought by or against the trustee." *U.S. Bank Nat'l Assoc. v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (citations omitted)). Because in New York "[t]rusts have no power to sue on their own behalves and the Trustee alone is responsible for the corpus of the Trusts . . . only the Trustee's citizenship is relevant to this diversity analysis." *Id*. (citation omitted).

Key Bank, USA, National Association.  *See* Compl. ¶¶ 11-12; *id*. at ECF[3] pages 6-10 ("Mortgage Note"); Affidavit of Plaintiff executed by Mario Selva ("Selva Aff.")[4] ¶¶ 4-6 (Dkt. 26-7).  The Mortgage was subsequently modified by Loan Modification Agreements dated January 13, 2017 to reflect a modified principal balance of $309,183.83 with yearly interest of 4.25% (the "Loan Modification").  *See* Compl. ¶¶ 17, 20; Selva Aff. ¶ 7; Selva Aff. Ex. 4 at ECF pages 41-81 ("Loan Modification Agreements").

The Mortgage went through a series of assignments resulting in an assignment of the Mortgage, as modified by the Loan Modification, to plaintiff, which was recorded on March 18, 2019 in the City Register of the City of New York, Kings County.  *See* Compl. ¶ 18; Selva Aff. ¶ 6; Selva Aff. Ex. 3 at ECF pages 25-40 ("Assignments").

Under the Mortgage, Harilal was obligated to make monthly interest-only payments and escrow (taxes and insurance) payments totaling $1,817.21 starting on March 1, 2017.  *See* Loan Modification Agreements, Selva Aff. Ex. 4 at ECF pages 46-47.  These payments did not reduce the amount of principal owed on the loan.  *Id*. at ECF page 47.

Under the Mortgage, if Harilal failed to make a payment within fifteen days of the due date, Harilal would be in default.  *See* Mortgage Note, Dkt. 1 at ECF page 7.  If Harilal defaulted, the Note Holder could exercise the right to force immediate payment of the full amount of the remaining principal, all accrued interest, and reasonable attorneys' fees and costs incurred.  *Id.*

Plaintiff alleges that Harilal defaulted under the Mortgage, as amended by the Loan Modification Agreements, by failing to make the required monthly payments beginning June 1,

---

[3] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system

[4] References to exhibits attached to the Selva affidavit. Dkt. 26-7, appear as "Selva Aff. Ex."

2019.  *See* Compl. ¶ 19; Selva Aff. ¶ 8.  Plaintiff issued a 90-Day Notice in accordance with RPAPL § 1304 to Harilal via first class and certified mail on July 17, 2019, and, "within three business days of mailing said notice to Borrower" the Notice was filed with the New York State Superintendent of Financial Services in accordance with RPAPL § 1306(2).  *See* Selva Aff. ¶¶ 9-10; Selva Aff. Ex. 6 at ECF pages 219, 243, 267 ("90-Day Notice"); Selva Aff. Ex. 7 at ECF page 291 ("Proof of Filing"); Compl. ¶ 22.  An additional notice of intent to foreclose was mailed to Harilal via first class mail on September 18, 2019.  *See* Selva Aff. ¶ 11; Selva Aff. Ex. 8 at ECF pages 294, 302.

On December 16, 2019, plaintiff filed the Complaint in this action alleging, *inter alia*, that Harilal has failed to make payment in accordance with the terms of the Mortgage and Loan Modification Agreements since June 1, 2019.  *See* Compl. ¶ 19.  Plaintiff also named as defendants the City defendants, alleging that they hold liens on the Property that are subordinate to plaintiff's Mortgage.  *Id*. ¶¶ 6-8.

Harilal was served on January 23, 2020, and the City defendants were served on January 15, 2020.  *See* Dkts. 6-9.  On February 6, 2020, Karen Ross filed a notice of appearance on behalf of defendants HPD and HDC.  *See* Dkts. 10-11.  On February 25, 2020, the Clerk of the Court entered a Certificate of Default as to defendants Harilal and ECB after they failed to respond to the Complaint.  *See* Dkt. 14.

On September 11, 2020, after the Court inquired as to plaintiff's inaction in the matter, plaintiff sought a stay in a "public policy-based business decision to adhere" to the moratorium on foreclosures imposed by the Federal Housing Administration and Federal Housing Finance Agency resulting from the COVID-19 pandemic.  *See* Dkt. 17.  This request was granted, and the stay continued until July 31, 2021.  *See* Order dated July 1, 2021.  On August 19, 2021, new

4

counsel appeared on behalf of defendants HPD and HDC and, on August 24, 2021, counsel appeared on behalf of defendant ECB.  *See* Dkts. 21-22.

On October 8, 2021, plaintiff filed its motion for default judgment.  *See* Dkt. 24.  Plaintiff seeks to recover:  (1) $365,173.79 including interest through October 10, 2021, together with interest of 4.25% until the date of entry of Judgment, and thereafter at the statutory rate until the date of the transfer of the referee's deed; and (2) $1,146.56 for costs and disbursements in the action, with interest.  Plaintiff further requests the appointment of a Referee to effectuate the sale and disburse the funds from such sale.  *See* Default Judgment of Foreclosure and Sale (Proposed), Dkt. 26-11.  On October 8, 2021, The Honorable Carol Bagley Amon referred the instant motion to the undersigned.  *See* Order Referring Motion dated October 8, 2021.

On December 14, 2021, defendants HPD and HDC filed a letter stipulating to their interest in the Property.  They further stated that if plaintiff's allegation that "it is the holder of a note and mortgage executed by Jagernauth Harilal, on or about December 31, 2002 and recorded on January 24, 2003 . . . is correct, then the HPD and HDC mortgages are next in priority after the mortgage foreclosed herein by Plaintiff and the [HPD and HDC] liens would be a lien upon any surplus monies that results from the foreclosure sale of the Premises."  Dkt. 31.  On December 15, 2021, defendant ECB filed a similar letter stipulating to its interest in the Property and stating that "[i]f a surplus is determined to remain after the mortgage foreclosure by Plaintiff and [HPD and HDC] superior liens are satisfied[,] [the Department of] Finance for ECB will seek its portion of the surplus."  Dkt. 32.  The City defendants did not object to plaintiff's motion for default judgment.  *See* Dkts. 31, 32.

5

## Discussion

### A.    Standing

Since plaintiff is not an original party to the Note, this Court will first address plaintiff's standing to bring this foreclosure action. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*."). "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id*. (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *Id*. (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges, and submits documentation to establish, that it has been in possession of the Note since December 18, 2018 and has been assigned the Mortgage since March 18, 2019. *See* Compl. ¶ 18; Selva Aff. ¶¶ 5-6; Selva Aff. Ex. 3 at ECF pages 25-40. Plaintiff has provided copies of the Note and Mortgage as well as a series of assignments that resulted in the assignment to plaintiff. *See* Compl. at ECF pages 6-10 ("Mortgage Note"); Loan Modification Agreements, Selva Aff. Ex. 4 at ECF pages 41-81; Assignments, Selva Aff. Ex. 3

at ECF pages 25-40.  Since plaintiff has submitted uncontroverted evidence that it held the Note

and Mortgage when it commenced this action on December 16, 2019, this Court finds that

plaintiff has standing to pursue this action.  *See JXB 84 LLC v. Khalil*, No. 15-CV-6251, 2017

WL 1184001, at *3 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL

1184141 (E.D.N.Y. Mar. 29, 2017).

### B.    Pre-Foreclosure Procedures

Section 1304(1) of the RPAPL requires that, "with regard to a home loan, at least ninety

days before a lender, an assignee or a mortgage loan servicer commences legal action against the

borrower, or borrowers at the property address and any other address of record, including

mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the

borrower."  RPAPL § 1304(1).  Section 1304(2) specifies that this notice must be sent "by

registered or certified mail and also by first-class mail to the last known address of the borrower,

and to the residence that is the subject of the mortgage."  *Id*. § 1304(2).  As the Second Circuit

has recognized:

> Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition
> precedent to the commencement of a foreclosure action, and the plaintiff has the
> burden of establishing satisfaction of this condition.  Compliance with RPAPL
> § 1304 can be established with proof of the actual mailings, such as affidavits of
> mailing or domestic return receipts with attendant signatures, or proof of a
> standard office mailing procedure designed to ensure that items are properly
> addressed and mailed, sworn to by someone with personal knowledge of the
> procedure.

*CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (internal citations and quotations

omitted).  The court must determine whether a plaintiff has complied with RPAPL § 1304, even

on a default judgment motion, *see, e.g., Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707,

710 (W.D.N.Y. 2018), because failure to comply with RPAPL § 1304 is a sufficient basis to

deny foreclosure relief.  *See CIT Bank, N.A. v. Donnatin*, No. 17-CV-2167, 2020 WL 248996, at

*3-*4 (E.D.N.Y. Jan. 16, 2020); *accord Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) ("Both state and federal courts in New York . . . have found that proper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304.  Plaintiff cannot satisfy its burden with conclusory statements of compliance with RPAPL's requirements." (internal quotations and citations omitted)).

In addition, RPAPL § 1306 requires that plaintiff file certain information with the superintendent of financial services.  Section 1306(1) mandates, as a precondition to a foreclosure action, that a plaintiff file "the information required by [§ 1306(2)]" within three business days of mailing a § 1304 notice.  *See* RPAPL § 1306(1).  Section 1306(2), in turn, requires that "[e]ach filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." *Id*. § 1306(2).

Plaintiff has submitted the Affidavit of Mario Selva ("Selva"), Assistant Vice President of Rushmore Loan Management Services LLC, plaintiff's mortgage loan servicer and Appointed Attorney in Fact.  *See* Selva Aff. (Dkt. 26-7) ¶ 1.  Selva states that, in compliance with RPAPL § 1304, a ninety-day pre-foreclosure notice was mailed to Harilal on July 17, 2019 via first class and certified mail at both the Property and Harilal's last known address. *Id*. ¶ 9.  Copies of those mailings and certified mailing receipts are attached to the affidavit. *See* Selva Aff. Ex. 6 at ECF pages 219, 243, 267 ("90-Day Notice").  In addition, Selva states that on July 17, 2019,

8

Rushmore Loan Management Services LLC electronically filed notice with the Superintendent of Financial Services, as required by RPAPL § 1306(2). *Id.* ¶ 10. Proof of that filing is attached to Selva's affidavit. *See* Selva Aff. Ex. 7 at ECF page 291 ("Proof of Filing"). This Court therefore finds that plaintiff has demonstrated compliance with the RPAPL's pre-foreclosure requirements.

## C.    Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," a plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2). When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Laboratories, Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." (internal quotations omitted)).

### 1.    Defendant Harilal

Under New York law, a plaintiff seeking to foreclose on a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing *Campaign v. Barba*, 805 N.Y.S.2d 86 (2d Dep't 2005)), *report and recommendation adopted*, 2015 WL 5706953

(E.D.N.Y. Sept. 28, 2015). Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), *report and recommendation adopted*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, the allegations in the Complaint, as well as the evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to a default judgment against Harilal. Plaintiff has produced copies of the Note, Mortgage, Loan Modification Agreements, and assignment history, thereby establishing Harilal's obligations arising thereunder. *See* Compl. ¶¶ 11-12, 17-18, 20; *id*. at ECF pages 6-10 ("Mortgage Note"); Selva Aff. ¶¶ 4-7; Selva Aff. Ex. 3 (Assignments) at ECF pages 25-40; Selva Aff. Ex. 4 (Loan Modification Agreements) at ECF pages 41-81. Plaintiff also has established that Harilal defaulted on June 1, 2019, failed to cure the default despite plaintiff's proper demands, and as of May 1, 2019 owed plaintiff $309,183.83 for the unpaid principal balance due, plus interest. *See* Compl. ¶¶ 19-20; Selva Aff. ¶¶ 8, 11. Plaintiff properly served the Summons and Complaint on Harilal. *See* Dkt. 9. Because Harilal has not answered the Complaint or otherwise opposed the instant motion, Harilal has failed to rebut plaintiff's prima facie showing that it is entitled to default judgment.

Accordingly, this Court respectfully recommends **granting** plaintiff's motion for default judgment as to Harilal, and holding Harilal liable for the damages as set forth below.

### 2.   The City defendants

Section 1311 of the RPAPL mandates that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'"  *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)).  Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," *i.e.*, that any judgments or liens a defendant may have against the property are subject and subordinate to plaintiff's lien. *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014).

Here, plaintiff named the lienholders, *i.e.*, HDC, HPD and ECB, in the Complaint.  *See generally* Compl.  The Complaint alleges that each of the City defendants holds a lien "encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage."  Compl. ¶¶ 6-8.  While plaintiff purports to seek a default judgment against all City defendants, the Court notes that the Certificate of Default was entered against only Harilal and ECB.  *See* Dkt. 14.  In addition, counsel first appeared on behalf of HDC and HPD before plaintiff requested the Certificate of Default, *see* Dkts. 10, 11, 13.  Notably, counsel for ECB appeared shortly after the stay in this action was lifted, *see* Dkt. 22.

Although plaintiff's motion for default seeks to extinguish the rights of all defendants to the Property, plaintiff fails to brief the default judgment it seeks to obtain against the City

defendants, focusing solely on the mortgage foreclosure. *See generally* Pl.'s Mem. The Court further notes that all City defendants filed letters after plaintiff moved for default judgment stipulating to the existence of their liens against the Property and agreeing that their liens are subordinate to that of plaintiff. *See* Dkt. 31 ("the HPD and HDC mortgages are next in priority after the mortgage foreclosed herein by plaintiff and the [HPD and HDC] liens would be a lien upon any surplus monies that results from the foreclosure sale of the Premises."); Dkt. 32 (stating that ECB's liens are subordinate to that of plaintiff and HPD and HDC). Importantly, although the City defendants stated in their letters that they do not oppose plaintiff's motion, the City defendants sought to reserve their rights to seek any surplus monies due to them after superior liens are satisfied. *See* Dkt. 31 ("the City reserves its right to seek surplus monies which result from the proceeds of sale"); Dkt. 32 ("[i]f a surplus is determined to remain after the mortgage foreclosure by Plaintiff and [HPD and HDC] superior liens are satisfied[,] [Department of] Finance for ECB will seek its portion of the surplus.").

Given plaintiff's failure to brief default judgment against the City defendants, ECB's appearance in this action by counsel and letter in response to the default motion, and plaintiff's failure to secure a Certificate of Default against HPD or HDC, this Court respectfully recommends that plaintiff's motion for a default judgment be **denied** without prejudice as to the City defendants. This Court views the recommendation as warranted and fair in light of the circumstances, and stresses that plaintiff's rights with respect to Harilal and the City defendants will not be impacted by such a denial. Rather, a denial as to the City defendants will simply ensure that the foreclosure and sale will not extinguish their interest in the Property. *See Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("[D]enying plaintiff's motion for default judgments against the ECB and PVB will

not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to

obtain default judgments against ECB and PVB 'simply leaves [their] rights unaffected by the

judgment of foreclosure and sale.'") (quoting *Glass v. Estate of Gold*, 853 N.Y.S.2d 159, 160 (2d

Dep't 2008)), *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017).

### D.     Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry

of default, allegations relating to damages are not.  *See Cement & Concrete Workers Dist.*

*Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v.*

*Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound*

*Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  Rather, a court must

ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering

judgment in the amount demanded.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40

(2d Cir. 1989).  A court may make this determination based upon evidence presented at a hearing

or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P. 55(b)(2);

*Joe Hand Promotions, Inc. v. Levin*, No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July

12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was

a basis for the damages specified in the default judgment" (alterations in original) (internal

quotations omitted)); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits

and documentary evidence as the basis for determining damages to be awarded in a default

judgment).

Plaintiff has submitted in support of its motion the affidavit of Selva.  *See* Selva Aff.

(Dkt. 26-7) ¶ 1.  The affidavit details the amount due under the Note.  *Id*. ¶ 12.  Plaintiff also

submits a Statement of Damages further clarifying the breakdown of damages claimed under the

Note versus fees and disbursements claimed, along with documentation related to the unpaid loan and costs. *See* Statement of Damages, Dkt. 26-10; Selva Aff. Ex. 5 at ECF pages 83-192 ("Loan Statements"). Plaintiff seeks a total of $366,320.35 in damages, which includes: (1) $309,183.83 in unpaid interest-bearing principal and $408.26 in unpaid non-interest-bearing principal; (2) $32,079.88 in interest through October 10, 2021; (3) $262.80 in late charges; (4) $4,866.21 in hazard insurance disbursements; (5) $17,894.31 in tax disbursements; (6) $478.50 in property inspections/preservation disbursements; and (6) $1,146.56 in costs. *See* Statement of Damages (Dkt. 26-10). Plaintiff also seeks entry of a Default Judgment of Foreclosure and Sale permitting plaintiff to foreclose upon and sell the Property at auction. *See* Default Judgment of Foreclosure and Sale (Proposed), Dkt. 26-11. Defendants have not submitted any opposition.

Accordingly, and for the reasons set forth below, this Court concludes that a hearing on the issue of damages is unwarranted and respectfully recommends awarding plaintiff relief as discussed below.

### 1.      Outstanding Amount Due Under the Note

Plaintiff seeks a total of $365,173.79 for the outstanding amount due under the Note, which includes: (1) $309,183.83 in unpaid interest-bearing principal and $408.26 in unpaid non-interest-bearing principal; (2) $32,079.88 in interest, accrued at an annual rate of 4.25% from May 1, 2019 through October 10, 2021; (3) $262.80 in late charges; (4) $4,866.21 in hazard insurance disbursements; (5) $17,894.31 in tax disbursements; and (6) $478.50 in property inspections/preservation disbursements. *See* Statement of Damages (Dkt. 26-10); Compl. ¶ 20 (interest accrues from May 1, 2019).

### a.      Principal

Pursuant to the terms of the Mortgage, and modified by the Loan Modification

Agreements, Harilal promised to pay plaintiff a total of $309,183.83 in principal, plus interest. *See* Selva Aff. Ex. 4 (Loan Modification Agreements) at ECF pages 41-81. Plaintiff submitted documentation asserting that, at the time of Harilal's default on June 1, 2019, the Note had an unpaid interest-bearing principal balance of $309,183.83, and an unpaid non-interest-bearing principal balance of $408.26. *See* Compl. ¶ 20; Selva Aff. ¶ 12; Selva Aff. Ex. 5 (Loan Statements) at ECF pages 83-192. Plaintiff's allegations and documentation further establish that after Harilal's initial default, Harilal did not make any further payments to reduce the outstanding principal balance. *See* Compl. ¶ 20; Selva Aff. ¶ 12; Selva Aff. Ex. 5 (Loan Statements) at ECF pages 83-192.

Accordingly, this Court respectfully recommends awarding plaintiff **$309,592.09** ($309,183.83 + $408.26) in unpaid principal due and owing.

### b.    Interest

The Loan Modification further provides that, both before and after default, interest accrued on the outstanding principal balance at a rate of 4.25% per annum. *See* Compl. ¶ 20; Selva Aff. Ex. 4 (Loan Modification Agreements) at ECF page 46. Plaintiff's allegations establish that Harilal's first missed payment occurred on June 1, 2019, which included interest accrued beginning on May 1, 2019. *See* Compl. ¶¶ 19-20; Selva Aff. ¶ 8. Applying the Note's 4.25% interest rate to the $309,183.83 in outstanding interest-bearing principal, interest accrues at a rate of $36 per day ($309,183.83 × 4.25% ÷ 365). Plaintiff requests interest from May 1, 2019 through October 10, 2021, totaling 893 days.

Accordingly, this Court respectfully recommends awarding plaintiff interest of **$32,148** ($36 × 893) through October 10, 2021.[5] In addition, this Court respectfully recommends

---

[5] The Court notes that, based on plaintiff's requested interest, plaintiff appears to have calculated

awarding plaintiff $36 in per diem interest until the date on which judgment is entered.  *See U.S. Bank Nat'l Assoc. v. McHugh*, No. 18-CV-0710, 2021 WL 2192992, at *6 (E.D.N.Y. Jan. 7, 2021) (recommending award of per diem interest in action for judgment of foreclosure and sale); *E. Sav. Bank, FSB v. McLaughlin*, No. 13-CV-1108, 2015 WL 5657355, at *55 (E.D.N.Y. Aug. 17, 2015) (same).

Additionally, this Court respectfully recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered.  *See* 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. Northern Funding*, LLC, No. 08-CV-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

### c.    Charges and Disbursements

Plaintiff seeks a total of $23,501.82 in other costs, which include:  (1) $262.80 in late charges; (2) $4,866.21 in hazard insurance disbursements; (3) $17,894.31 in tax disbursements; and (4) $478.50 in property inspections/preservation disbursements.  *See* Statement of Damages

---

the daily interest rate as $35.92, resulting in an interest request of $32,079.88.  Although plaintiff did not provide documentation for how it calculated this interest request, the Court determined plaintiff's calculation by dividing the requested interest ($32,079.88) by the number of days from May 1, 2019 to October 10, 2021 (893 days).  The Court has been unable to determine why plaintiff's daily interest calculation diverges from the Court's calculation by 8 cents, and thus determines the interest award based on the higher rate calculated by the Court.

16

(Dkt. 26-10); Selva Aff. ¶ 12.  Plaintiff has submitted a full transaction history of Harilal's

mortgage account, showing periodic disbursements for the costs listed above, along with a

detailed breakdown of these costs in plaintiff's affidavit.  *See* Selva Aff. Ex. 5 (Loan Statements)

at ECF pages 83-192; Selva Aff. ¶ 12.  Plaintiff has demonstrated a "reasonable inference[]"

evidencing the requested amounts.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65

(1981) (stating that, for allegations relating to damages in a default action, plaintiff is "entitled to

all reasonable inferences from the evidence offered").

Accordingly, this Court respectfully recommends awarding plaintiff damages relating to

late charges, hazard insurance disbursements, tax disbursements, and property

inspections/preservation in the amount of **$23,501.82**.

### 2.    Other Costs

Plaintiff does not seek attorney's fees in its application, but rather, only the costs and

disbursements associated with this action, totaling $1,146.56.  *See* Statement of Damages (Dkt.

26-10).  These costs are comprised of:  (1) the court filing fee of $400; (2) $81.56 for searches;

(3) $630 for service of process; and (4) $35 in fees for filing the Notice of Pendency.

In general, plaintiff may recover reasonable and identifiable out-of-pocket disbursements

ordinarily charged to clients.  *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.

1998).  The party seeking to recover costs "bears the burden of adequately documenting and

itemizing the costs requested."  *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027, 2015 WL

1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-CV-985, 2011

WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, plaintiff has submitted sufficient invoices for the service and search costs it seeks

to recover, *see* Statement of Damages (Dkt. 26-10) at ECF pages 3-7, and the Court takes

judicial notice of the filing fee in the Eastern District of New York.  Accordingly, this Court finds the costs incurred by plaintiff to be reasonable and respectfully recommends awarding plaintiff costs in the amount of **$1,146.56**.

### 3.    Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff seeks a judgment of foreclosure and sale, and appointment of a referee. Specifically, plaintiff requests the appointment of Gregory Cerchione as a referee to conduct the sale under the conditions outlined in the proposed Default Judgment of Foreclosure and Sale. *See* Default Judgment of Foreclosure and Sale (Proposed), Dkt. 26-11.

A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); *see also OneWest Bank N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment).  Further, courts routinely appoint referees to effectuate the sale of foreclosed properties.  *See, e.g., Cole*, 2015 WL 4429014, at *5 (awarding a judgment of foreclosure and sale under the supervision of specific referee requested by plaintiff); *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *1, *4 (E.D.N.Y. Apr. 18, 2014).

Having determined that plaintiff has established its presumptive right to foreclose upon the Property due to Harilal's default, this Court respectfully recommends the appointment of Gregory Cerchione as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 26-11).  *See CIT Bank, N.A. v. Seeram*, No. 16-CV-2608, 2017 WL 8220204, at *3 (E.D.N.Y. Feb. 15, 2017) (recommending same), *report*

*and recommendation adopted*, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018).

## Conclusion

For the foregoing reasons, this Court respectfully recommends **denying** plaintiff's motion for default judgment against the City defendants without prejudice. This Court respectfully recommends **granting** plaintiff's motion against defendant Harilal, and further recommends entry of a final judgment awarding damages as follows:

(i)   **$309,183.83** in unpaid interest-bearing principal and **$408.26** in unpaid non-interest-bearing principal;

(ii)   **$32,148** in interest, accrued at an annual rate of 4.25% from May 1, 2019 through October 10, 2021, additional interest of $36 per day until entry of judgment, and post-judgment interest at the statutory rate;

(iii)   **$23,501.82** in late charges, hazard insurance disbursements, tax disbursements, and property inspections/preservation disbursements; and

(iv)   **$1,146.56** in costs.

This Court further recommends the appointment of Gregory Cerchione as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 26-11).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to defendant Harilal at his last known address and all other available addresses for him, and to file proof of service on ECF by **September 1, 2022**. Any objections to the recommendations made in this Report must be filed with The Honorable Carol Bagley Amon within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 13, 2022**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892

19

F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
       August 30, 2022

                                    s/ James R. Cho
                                    James R. Cho
                                    United States Magistrate Judge

20