Filed Date: 9/30/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, *not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT*,

                      Plaintiff,

  -against-

JAGERNAUTH S. M. HARILAL, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY HOUSING DEVELOPMENT CORPORATION, and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

                      Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-cv-7034 (CBA) (JRC)

**AMON, United States District Judge:**

On December 16, 2019, Plaintiff U.S. Bank National Association ("U.S. Bank" or "Plaintiff") brought this foreclosure action against Jagernauth S. M. Harilal ("Harilal"), New York City Department of Housing Preservation and Development ("HPD"), New York City Housing Development Corporation ("HDC"), and New York City Environmental Control Board ("ECB") (collectively with HPD and HDC the "City Defendants", and with HPD, HDC, and Harilal the "Defendants"), pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL"), Article 13. (See ECF Docket Entry ("D.E.") # 1 ("Compl.") ¶ 1.) U.S. Bank seeks damages, costs, and a judgment of foreclosure and sale for the property located at 1097 Glenmore Avenue, Brooklyn, New York, 11208 (the "Property"), on which it holds a mortgage. (Id. at Wherefore Clause; see also D.E. # 26-11 (Default Judgment of Foreclosure and Sale (Proposed)); D.E. # 25 (Pl.'s Mem. in Supp. of Mot. for Default J.).

1

Upon U.S. Bank's application and in light of Defendant Harilal's failure to appear in or otherwise defend this action, the Clerk of the Court entered Harilal's default on February 25, 2020[1]. (D.E. # 14.) On October 8, 2021, U.S. Bank moved for entry of default judgment, (D.E. # 24), and I referred the motion to the Honorable James R. Cho, United States Magistrate Judge, for report and recommendation ("R&R"), (see Text Order dated Oct. 8, 2021). On December 2, 2021, Magistrate Judge Cho ordered the City Defendants, who hold liens on the Property that are subordinate to U.S. Bank's mortgage, to respond to U.S. Bank's motion by December 16, 2021. (See Text Order dated Dec. 2, 2021.) All City Defendants responded by the deadline and did not object to U.S. Bank's motion, but did stipulate to their subordinate interests in the property (assuming the Court determined U.S. Bank's mortgage to be valid) and their rightful claim to any surplus monies that might result from the foreclosure sale. (See D.E. # 31 (HPD & HDC Ltr.) (stating "the HPD and HDC mortgages are next in priority after the mortgage foreclosed herein by Plaintiff and the [HPD and HDC] liens would be a lien upon any surplus monies that results from the foreclosure sale of the [Property]"); D.E. # 32 (ECB Ltr.) ("If a surplus is determined to remain after the mortgage foreclosure by Plaintiff and [the HPD and HDC] superior liens are satisfied[,] [the Department of] Finance for ECB will seek its portion of the surplus.").)

On August 30, 2022, Magistrate Judge Cho issued an R&R recommending that the motion for default judgment be granted as to Defendant Harilal, but denied without prejudice as to the City Defendants. (D.E. # 33 ("R&R").) Specifically, Magistrate Judge Cho recommended entry of final judgment against Harilal awarding damages in an amount largely consistent with those requested by U.S. Bank, in addition to recommending the appointment of Gregory Cerchione as

---

[1] The Clerk also noted City Defendant ECB's default, but attorneys for ECB appeared following a stay of this case during the COVID-19 foreclosure moratorium, (see D.E. # 22), and filed a letter in response to the present motion for default judgment, (see D.E. # 32).

referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale. (See R&R 19 (citing D.E. # 26-11).) Magistrate Judge Cho recommended denying default judgment against the City Defendants in light of "plaintiff's failure to brief default judgment against the City defendants, ECB's appearance in this action by counsel and letter in response to the default motion, and plaintiff's failure to secure a Certificate of Default against HPD or HDC." (R&R 12.) In denying the motion as to the City Defendants, Magistrate Judge Cho stressed that U.S. Bank's rights with respect to Harilal and the City Defendants will not be impacted by such a denial, and the denial will simply ensure that the foreclosure and sale will not extinguish the City Defendants' rights in the Property. (Id. (citing Gustavia Home, LLC v. Lawrence, No. 16-cv-4010 (SJ) (SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("[D]enying plaintiff's motion for default judgments against the ECB and PVB will not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against ECB and PVB 'simply leaves [their] rights unaffected by the judgment of foreclosure and sale.'") (quoting Glass v. Estate of Gold, 853 N.Y.S.2d 159, 160 (2d Dep't 2008) (alteration in original)), report and recommendation adopted, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017)).)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United

3

Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, I grant Plaintiff's default judgment against Harilal and order entry of a final judgment against Harilal awarding damages as follows: i) $309,183.83 in unpaid interest-bearing principal and $408.26 in unpaid non-interest-bearing principal; ii) $32,148 in interest, accrued at an annual rate of 4.25% from May 1, 2019 through October 10, 2021, additional interest of $36 per day from October 11, 2021 until entry of judgment, and post-judgment interest at the statutory rate calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered; iii) $23,501.82 in late charges, hazard insurance disbursements, tax disbursements, and property inspections/preservation disbursements; and iv) $1,146.56 in costs. I further order the appointment of Gregory Cerchione as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale, (D.E. # 26-11). Finally, I deny without prejudice Plaintiff's request for default judgment against the City Defendants. The Clerk of the Court is ordered to enter judgment in line with the foregoing.

SO ORDERED.

Dated: September 30, 2022
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge