UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, NOT IN :
ITS INDIVIDUAL CAPACITY BUT SOLELY AS :
TRUSTEE FOR THE RMAC TRUST, SERIES :
2016-CTT, :
 :
                            Plaintiff, :    REPORT AND
 :    RECOMMENDATION
 :
   -against- :    No. 19-CV-7034-CBA-JRC
 :
JAGERNAUTH S. M. HARILAL, NEW YORK :
CITY DEPARTMENT OF HOUSING :
PRESERVATION AND DEVELOPMENT, NEW :
YORK CITY HOUSING DEVELOPMENT :
CORPORATION, and NEW YORK CITY :
ENVIRONMENTAL CONTROL BOARD, :
 :
                         Defendants. :
-------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

       On December 16, 2019, plaintiff U.S. Bank National Association ("Plaintiff") brought this foreclosure action against Jagernauth S. M. Harilal ("Harilal"), New York City Department of Housing Preservation and Development ("HPD"), New York City Housing Development Corporation ("HDC"), and New York City Environmental Control Board ("ECB") (collectively, with HPD and HDC the "City Defendants," and with HPD, HDC, and Harilal the "Defendants"), pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL") Article 13. *See* Compl. ¶ 1, Dkt. 1. On September 30, 2022, United States District Judge Carol Bagley Amon issued a Memorandum and Order granting default judgment against defendant Harilal and ordering entry of final judgment against defendant Harilal awarding damages. *See* Memorandum and Order, Dkt. 35 (the "9/30/22 Order"). The Court, however, denied without prejudice Plaintiff's request for default judgment against the City Defendants. *See id.*

       Upon Plaintiff's application and in light of the City Defendants' failure to defend this action, the Clerk of the Court entered the default of ECB on February 25, 2020, Dkt. 14, and the

default of HPD and HDC on December 19, 2022, Dkt. 38.

Currently pending before this Court, on a referral from the Honorable Carol Bagley Amon, is Plaintiff's second motion for default judgment. *See* Order Referring Motion dated July 13, 2023; Mot. for Default J., Dkt. 40; Pl.'s Mem., Dkt. 41. For the reasons set forth below, this Court respectfully recommends **granting** Plaintiff's motion as to the City Defendants.

## Relevant Factual and Procedural Background

The following facts are drawn from this Court's August 30, 2022 Report and Recommendation (the "8/30/22 R&R"), Plaintiff's Complaint, supporting affidavit, and accompanying exhibits, which are accepted as true for purposes of this motion. *See* Dkts. 1, 33, 41, 42.

Plaintiff brought this diversity action to foreclose on a mortgage encumbering 1097 Glenmore Avenue, Brooklyn, New York 11208 in Kings County (the "Property"). *See* Compl. ¶ 1. Plaintiff is a trustee empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT, and has the authority to prosecute legal actions on its behalf.[1] *Id*. ¶¶ 2-3.

On December 31, 2002, Harilal executed and delivered a Note for $219,000 plus interest secured by a mortgage on the Property (the "Mortgage") to Champion Mortgage, a division of Key Bank, USA, National Association. *See* Compl. ¶¶ 11-12; Dkt. 1 at ECF pages[2] 7-10 ("Note"); Dkt. 1-3 at ECF pages 7-14 (Mortgage); 8/30/22 R&R at 2-3. The Mortgage was subsequently modified by Loan Modification Agreements dated January 13, 2017 and January

---

[1] The trust for which U.S. Bank serves as trustee is an express New York common law trust, and "under New York law, a trust cannot sue or be sued, and suits must be brought by or against the trustee." *U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (citations omitted).

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

2

26, 2017, to reflect a modified principal balance of $309,183.83 with interest to be paid at the rate of 4.25 percent per annum (the "Loan Modifications"). *See* Compl. ¶¶ 16, 17; Dkt. 1-3 at ECF pages 29-56 (Loan Modification Agreements); 8/30/22 R&R at 3.

The Mortgage went through a series of assignments resulting in an assignment of the Mortgage, as modified by the Loan Modifications, to Plaintiff, which was recorded on March 18, 2019 in the City Register of the City of New York, Kings County. *See* Compl. ¶ 18; 8/30/22 R&R at 3.

Harilal defaulted under the Mortgage, as amended by the Loan Modification Agreements, by failing to make the required monthly payments beginning June 1, 2019. *See* Compl. ¶ 19; 8/30/22 R&R at 3-4. Plaintiff issued a 90-Day Notice in accordance with RPAPL § 1304 to Harilal via first class and certified mail on July 17, 2019, and, "within three business days of mailing said notice to Borrower" the Notice was filed with the New York State Superintendent of Financial Services in accordance with RPAPL § 1306(2). *See* Compl. ¶ 22; 8/30/22 R&R at 4. An additional notice of intent to foreclose was mailed to Harilal via first class mail on September 18, 2019. *See* 8/30/22 R&R at 4.

On December 16, 2019, Plaintiff filed the Complaint in this action alleging, *inter alia*, that Harilal has failed to make payment in accordance with the terms of the Mortgage and Loan Modification Agreements since June 1, 2019, and also named the City Defendants, alleging that they hold liens on the Property that are subordinate to Plaintiff's Mortgage, and attaching evidence to substantiate the existence of those liens. Compl. ¶¶ 6-8, 19; *id.*, Schedule D, Dkt. 1 at ECF pages 13-19; 8/30/22 R&R at 4.

The City Defendants were served on January 15, 2020. *See* Dkts. 6, 7, 8. On February 6, 2020, Karen Ross filed a notice of appearance on behalf of HPD and HDC. *See* Dkts. 10, 11. On August 19, 2021, an additional counsel appeared on behalf of HPD and HDC. *See* Dkt. 21.

3

On August 24, 2021, counsel filed a notice of appearance on behalf of ECB. *See* Dkt. 22.

On October 8, 2021, Plaintiff moved for entry of default judgment against all Defendants. *See* Dkt. 24. On December 2, 2021, after they failed to appear at a hearing on the motion for default judgment, this Court ordered the City Defendants, which hold liens on the Property that are subordinate to Plaintiff's mortgage, to respond to Plaintiff's motion. *See* Minute Entry dated December 2, 2021. In response, the City Defendants advised that they did not object to Plaintiff's motion and stipulated to their subordinate interests in the Property and their claim to any surplus monies that might result from the foreclosure sale. *See* Dkts. 31, 32.

On August 30, 2022, this Court issued its report and recommendation that the motion for default judgment be granted as to defendant Harilal, but denied without prejudice as to the City Defendants. Specifically, this Court recommended that final judgment be entered against Harilal awarding damages, and the appointment of Gregory Cerchione as referee to conduct the sale of the Property. *See* 8/30/22 R&R at 19. However, this Court recommended denying default judgment against the City Defendants because of Plaintiff's "failure to brief default judgment against the City Defendants" and "[P]laintiff's failure to secure a Certificate of Default against HPD or HDC." 8/30/22 R&R at 12. In denying the motion as to the City Defendants, this Court reasoned that Plaintiff's rights would not be adversely effected by such a denial since the denial will only ensure that the foreclosure and sale will not extinguish the City Defendants' interest in the Property. *See id.* at 12-13 (citing *Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017)).

No party objected to the 8/30/22 R&R, which Judge Amon adopted on September 30, 2022. *See* 9/30/22 M&O.

On December 19, 2022, at Plaintiff's request, the Clerk of the Court entered a Certificate

4

of Default as to HPD and HDC.[3]  *See* Dkt. 38.  On June 8, 2023, the instant motion followed.  *See* Dkt. 40.  Plaintiff served the City Defendants with copies of the motion.  *See* Dkt. 43.

## Discussion

### I. Standing

As this Court previously found, Plaintiff submitted uncontroverted evidence that it held the Note and Mortgage when it commenced this action on December 16, 2019.  *See* 8/30/22 R&R at 6-7.  Thus, this Court finds that Plaintiff has standing to pursue this action against the City Defendants.

### II. Liability

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment.  The Rule sets forth a two-step process for entry of a default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case.  *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  This first step is nondiscretionary.  *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment.  *See* Fed. R. Civ. P. 55(a), (b)(2).

When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."

---

[3] The Clerk had previously entered default against ECB.  *See* Dkt. 14.

5

*Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Lab'ys, Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations omitted).

Section 1311 of the RPAPL requires that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Freedom Mortg. Corp. v. McLain*, No. 23-CV-1309, 2023 WL 8473948, at *4 (E.D.N.Y. Oct. 12, 2023) (quoting *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012)), *report and recommendation adopted*, 2023 WL 7320257 (E.D.N.Y. Nov. 7, 2023). Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," *i.e.*, that any judgments or liens a defendant may have against the property are subject and subordinate to plaintiff's lien.[4] *See McLain*, 2023 WL 8473948, at *4; *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019); *Lawrence*, 2017 WL 4404434, at *4. "When default judgment is entered against a defendant with nominal interest in a property, that

---

[4] "Where a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a.

6

defendant's interest in the property is extinguished." *CIT Bank, N.A. v. McDonnell*, No. 18-CV-476, 2023 WL 2361381, at *8 (E.D.N.Y. Feb. 2, 2023) (citation omitted), *report and recommendation adopted*, 2023 WL 2347886 (E.D.N.Y. Mar. 3, 2023).

Here, Plaintiff named the lienholders, *i.e.*, the City Defendants, in the Complaint. *See* Compl. ¶¶ 6-8. Plaintiff alleges that the City Defendants hold liens "encumbering the Property, which [are] subject and subordinate to Plaintiff's Mortgage." *Id.* In addition, Plaintiff attached to the Complaint evidence of the City Defendants' liens, demonstrating their interests in the Property. Compl., Schedule D, Dkt. 1 at ECF pages 13-19. Plaintiff properly served the City Defendants with the summons and complaint. *See* Dkts. 6, 7, 8. Finally, the City Defendants filed letters after Plaintiff initially moved for default judgment, expressly stating that they do not object to Plaintiff's motion, stipulating to the existence of their liens against the Property and agreeing that their liens are subordinate to that of Plaintiff. *See* Dkt. 31 at ECF page 2 ("the HPD and HDC mortgages are next in priority after the mortgage foreclosed herein by Plaintiff. . . . HPD and HDC therefore have no objections to Plaintiff's motion"); Dkt. 32 ("ECB has no objection to [P]laintiff's motion. . . . ECB is a named defendant in this foreclosure matter due to liens against the property in issue stemming from various outstanding docketed judgments[.]").

Based on the letters filed by the City Defendants stipulating to the existence of their liens against the Property and agreeing that their liens are subordinate to that of Plaintiff, and the evidentiary documentation submitted demonstrating the City Defendants' interests in the Property, there is sufficient evidence to find that the City Defendants are necessary parties in this matter and that default judgment should be entered against them. *See McLain*, 2023 WL 8473948, at *4 (recommending granting default judgment against ECB based on documents demonstrating its interest in the subject property); *McDonnell*, 2023 WL 2361381, at *9

(recommending granting default judgment against nominal defendants alleged to have liens subordinate to plaintiff); *Windward Bora LLC v. Valencia*, No. 19-CV-4147, 2022 WL 872506, at *4 (E.D.N.Y. Mar. 24, 2022) (same).

## Conclusion

For the reasons set forth above, this Court respectfully recommends **granting** Plaintiff's motion and entering default judgments against the City Defendants (*i.e.*, New York City Department of Housing Preservation and Development, New York City Housing Development Corporation and New York City Environmental Control Board).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to defendant Harilal at his last known address and all other available addresses for him, and to file proof of service on ECF by February 27, 2024. Any objections to the recommendations made in this Report must be filed with the Honorable Carol Bagley Amon within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 8, 2024**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    SO ORDERED

Dated: Brooklyn, New York
       February 23, 2024

                                      s/ James R. Cho
                                      James R. Cho
                                      United States Magistrate Judge