UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, not in
its individual capacity but solely AS TRUSTEE
FOR the RMAC TRUST, SERIES 2016-CTT,

                      Plaintiff,

    -against-
                                     NOT FOR PUBLICATION
                                     **MEMORANDUM & ORDER**
JAGERNAUTH S. M. HARILAL, NEW YORK    19-cv-7034 (CBA) (JRC)
CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,
NEW YORK CITY HOUSING DEVELOPMENT
CORPORATION, and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                      Defendants.
------------------------------------------------------------x
**AMON, United States District Judge:**

        On December 16, 2019, plaintiff U.S. Bank National Association ("Plaintiff"), not in its individual capacity but solely as Trustee of the RMAC Trust, Series 2016-CTT, commenced this action against Jagernauth S. M. Harilal ("Harilal") to foreclose a mortgage (the "Mortgage") assigned to Plaintiff and encumbering 1097 Glenmore Avenue, Brooklyn, New York 11208 (the "Property"). (ECF Docket Entry ("D.E.") # 1 ("Compl.").) Plaintiff seeks the principal balance due and owing on the note and Mortgage, as well as late charges, taxes, assessments, insurance premiums, and other charges Plaintiff paid "to protect the value of the Property and its rights in the Property." (Id. ¶¶ 20-21.) Plaintiff also named as defendants the New York City Department of Housing Preservation and Development ("HPD"), New York City Housing Development Corporation ("HDC"), and New York City Environmental Control Board ("ECB") (collectively, with HPD and HDC, the "City Defendants," and with HPD, HDC, and Harilal, the "Defendants"), because they hold liens on the Property that are subject and subordinate to Plaintiff's Mortgage. (Id. 6-8.)

On February 25, 2020, the Clerk of Court noted the defaults of Harilal and ECB. (D.E. # 14.) On October 8, 2021, Plaintiff moved for entry of default judgment against all Defendants. (D.E. # 24.) I referred the motion to the Honorable James R. Cho, United States Magistrate Judge, for report and recommendation. (D.E. dated October 8, 2021.) On December 14 and 15, 2021, after failing to appear at a hearing on the motion, the City Defendants filed letters with the Court stating that they did not object to Plaintiff's motion for default judgment and stipulating that their liens are subordinate to Plaintiff's Mortgage. (D.E. ## 31, 32.) Magistrate Judge Cho recommended that the Court grant the motion for default judgment against Harilal awarding damages and appoint a referee to effectuate the sale of the property. (D.E. # 33 (August 2022 R&R) 10.) As to the City Defendants, Magistrate Judge Cho recommended that this Court deny Plaintiff's motion for default without prejudice due to Plaintiff's "failure to brief default judgment against the City Defendants" and "[P]laintiff's failure to secure a Certificate of Default against HPD or HDC." (Id. 12-13.) No party objected to that R&R, and I adopted it on September 30, 2022. (See D.E. # 35.)

On December 19, 2022, at the request of Plaintiff (see D.E. # 37), the Clerk of Court entered a Certificate of Default as to HPD and HDC (D.E. # 38). On June 8, 2023, Plaintiff again moved for entry of default judgment against the City Defendants. (D.E. # 40.) I referred this motion to Magistrate Judge Cho for report and recommendation. (D.E. dated July 13, 2023.) Magistrate Judge Cho submitted an R&R recommending that this Court grant Plaintiff's motion for default judgment. (D.E. # 44 ("R&R") 8.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

2

§ 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, adopts the well-reasoned R&R.

Plaintiff's motion for default judgment is granted as to the City Defendants and their interest in the Property is foreclosed.

SO ORDERED.

Dated: March 22, 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

3